IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| R. TODD NEILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOANNE MCGUIRE, UNION BANK OF CALIFORNIA, and DOES 1-30,<br><br>    Defendants. | 8:05CV392<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on defendant Joanne McGuire's objections, Filing No. 16, to the report and recommendation of the magistrate, Filing No. 15. The plaintiff (bankruptcy trustee) has not responded to McGuire's objections.

    This case arises on an objection to garnishment filed by McGuire. Plaintiff obtained a judgment against McGuire in the United States Bankruptcy Court for the Central District of California, Northern Division. Filing No. 1. The plaintiff attempted to garnish money held by First National Bank of Omaha in the amount of $3,907.02. Plaintiff contends that these funds are protected as they are Social Security benefits. The magistrate conducted a hearing in this regard and determined that McGuire's objection to garnishment should be sustained to the extent of $2,151.20 and denied in all other respects. The magistrate recommended that $1,755.82 be subjected to garnishment.

    Thereafter, McGuire filed this objection, Filing No. 16, and also filed additional documentation under seal. Filing Nos. 17 and 18. The magistrate correctly concluded that Social Security benefits are exempt form execution under 42 U.S.C. § 407. *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 416 (1973). The magistrate further found that

the evidence supported a finding that seventy-four percent of the deposits resulted from Social Security related funds. The court has reviewed the recommendation and supporting evidence and agrees with the magistrate that this seventy-four percent is exempt from garnishment.

However, McGuire alleges the magistrate erred in finding that the remaining twenty-six percent subject to garnishment. McGuire argues that an additional $1,000.00 is from State Farm to reimburse her for medical expenses not paid by State Farm. She further states that her September 1977 divorce decree requires her ex-husband to pay her medical health insurance from his income, an amount which is paid quarterly to McGuire. McGuire admits, though, that the medical insurance payment is now voluntary, as her ex-husband has no income and pays her from his Social Security check.

Certain assets and certain amounts are exempt from garnishment proceedings. The court notes there is an exemption for personal injury payments pursuant to Neb. Rev. Stat. § 25-1563.02(1) and accident or health insurance payments pursuant to Neb. Rev. Stat. § 44-371. The court finds that McGuire has met her burden of showing by a preponderance of evidence that the State Farm money is exempt. *See First Nat'l Bank v. First Cadco Corp.*, 205 N.W.2d 115, 119 (Neb. 1973). The court notes that this is particularly true, since the trustee has failed to respond in any way to McGuire's objections. However, the court has found no exemption that would permit McGuire to claim an exemption to the voluntary payment for health insurance given to her by her ex-husband. Therefore, the court will deduct $1,000.00 from the $1,755.82 determined by the magistrate as subject to garnishment. Accordingly, $755.82 remains subject to garnishment.

THEREFORE, IT IS ORDERED THAT:

1. The objections to the magistrate's report and recommendation, Filing No. 15, are granted in part and overruled in part.

2. The magistrate's report and recommendation, Filing No. 15, is adopted in part as set forth herein.

3. The trustee shall be permitted to garnish only that portion of the First National Bank Account which accounts for the funds paid to McGuire by her ex-husband. Those funds relating to payments from State Farm, and those funds relating to Social Security payments are exempt from garnishment.

DATED this 5th day of July, 2006.

                                  BY THE COURT:

                                  s/ Joseph F. Bataillon
                                  JOSEPH F. BATAILLON
                                  United States District Judge